**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CHARLES DALE CONNER,

    Plaintiff,

    vs.                                          No. 10-cv-512 WPL/WDS
ALEX RODRIGUEZ AND
STATE OF NEW MEXICO
DEP'T OF PUBLIC SAFETY,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION BY DEFENDANT STATE OF NEW MEXICO DEPARTMENT OF PUBLIC SAFETY TO DISMISS COUNT IV OF COMPLAINT

THIS MATTER comes before the Court upon a Motion to Dismiss Count IV of the Complaint, filed by Defendant State of New Mexico Department of Public Safety ("Defendant" or "DPS" for purposes of this Memorandum Opinion and Order) on July 22, 2010 (**Doc. 6**). Having considered the parties' briefs and the applicable law, I find that Defendant's motion is well-taken and will be granted.

### Background

In this civil action, brought under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act, Plaintiff alleges that Defendants violated his Fourth Amendment rights under the United States Constitution to be free from unreasonable searches and seizures and that they engaged in tortious conduct. Plaintiff also claims that the State of New Mexico Department of Public Safety failed to properly train and supervise law enforcement officers at the New Mexico State Police Department.

Plaintiff describes himself as twenty-five-year-old male with significant mental health

issues (Compl., ¶ 13).  The allegations in the complaint describe events which began as an initial stop and detention and turned into a police chase cross the state borders of New Mexico and Colorado.  The incident took place on February 5, 2009 and involved officers from the Colorado State Patrol, the Costilla County Sheriff's Office and the New Mexico State Police.  Only Officer Alex Rodriguez ("Defendant"), employed by the New Mexico State Police, is a named Defendant.

Plaintiff contends that he sustained temporary and permanent injuries from being shot by Defendant Rodriguez at close range in the left arm.  Defendant Rodriguez fired at Plaintiff with a shot gun, but claimed that he thought he had used a bean bag gun. Plaintiff asserts that he took no action to warrant the use of such force against him by Defendant.  The injury caused a break in Plaintiff's humerus bone, and resulted in life-threatening injuries and tremendous pain.  Compl., ¶¶ 44-45.46.

Defendant's position is that the force used was justified.  Plaintiff had an outstanding warrant for his arrest, had the odor of alcohol on his breath at the time of the stop and refused to comply with various requests made by officers including to exit his vehicle.  Plaintiff was purportedly drinking beer while driving and throwing multiple beer cans at the officers trailing him during the high-speed, late-night chase.  Plaintiff was also believed to be taking an anti-psychotic medication which increases the effects of alcohol and may create delusions and hallucinations. *See* Doc. 14. Based on Plaintiff's conduct that evening, Plaintiff was charged with eleven felonies and misdemeanors in the District Court of Alamosa County, Colorado, and ultimately pleaded guilty to second-degree assault on a peace officer, a felony.  Plaintiff is incarcerated in the Sterling Correctional Facility in Sterling, Colorado, serving an eight-year sentence of imprisonment with a scheduled release date in mid-2018.

Defendant Rodriguez concedes that he inadvertently fired a regular shotgun rather than the bean-bag shotgun, hitting Plaintiff with buckshot in his upper left arm and shoulder. However, the position of Defendants is that under the circumstances, the use of force – including the inadvertent use of a regular shotgun to neutralize Plaintiff by shooting him in one shoulder – was reasonable and not a violation of Plaintiff's constitutional rights.  Doc. 14 at 6.

The complaint contains five counts asserting the following theories: excessive force under § 1983; assault and battery brought under the New Mexico Tort Claims Act ("Tort Claims Act"); municipal liability against DPS under the Tort Claims Act under § 1983 and the Tort Claims Act based on inadequate training and supervision, and respondeat superior under the Tort Claims Act.

## I. Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

## II. Whether DPS is Immune from Suit

In the instant motion, DPS seeks dismissal of Count IV (municipal liability against DPS under § 1983) on the basis that DPS is immune from suit under § 1983 as an "arm of the state." The complaint asserts that DPS and its Division which is named in this lawsuit, the New Mexico State Police ("NMSP"), are political subdivisions rather than arms of the state, and therefore subject to suit under § 1983.  *See Elam Construction, Inc. v. Regional Transportation Distr*., 129

F.3d 1343, 1345 (10th Cir. 1997) (Eleventh Amendment immunity does not extend to political subdivisions of the state, such as counties or municipalities).

Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).  An arm of the state may also "assert the Eleventh Amendment as a defense in federal court unless it has waived the defense and consented to suit in federal court." *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1233 (10th Cir.1999).  The issue here is whether DPS is to be treated as an arm of the State, partaking of the State's Eleventh Amendment immunity, or is instead to be treated as a municipal corporation or other political subdivision to which the Eleventh Amendment does not extend.  Whether a local entity is an "arm of the state" under the Eleventh Amendment is a question of federal law, although that federal question can be answered only after considering provisions of state law that define agency's character.  *Duke v. Grady Municipal Schools et al.*, 127 F.3d 972, 975 (10th Cir. 1997).

The passage of § 1983 into law did not disturb the States' Eleventh Amendment immunity.  *See Will v. Michigan Department of State Police*, 491 U.S. 58, 65 (1989) (a State is not a "person" within the meaning of 1983") (relying on *Quern v. Jordan*, 440 U.S. 332 (1979)).[1]  Thus, municipalities and other local government bodies (such as counties, cities or villages) are considered "persons" under § 1983. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658

---

[1]  Defendant contends that the inquiry here does not depend on an Eleventh Amendment analysis, but rather an analysis of the legislative history and statutory language of § 1983, which effectively abrogated Eleventh Amendment immunity for municipalities and local government units.  Doc. 12 at 2.  However, the Eleventh Amendment is alive and well as part of the analysis here.  As the Supreme Court pointed out in *Will v. Michigan Dep't of State Police*, the "scope of the Eleventh Amendment is a consideration" in "deciphering congressional intent as to the scope of § 1983. . . ." 491 U.S. at 66-67.

(1978). However, local governmental *departments* of the state, state agencies, or "arms of the state" generally are not. *See Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991).

Plaintiff contends that the complaint sufficiently alleges that DPS is subject to suit under § 1983, and further, that there is insufficient information at this stage from which to conduct an Eleventh Amendment analysis in order to determine whether DPS is in fact an "arm of the state" immune from suit under § 1983. The Court agrees with Defendant's contention that Plaintiff's bare allegation that DPS is subject to suit under § 1983 is insufficient by itself to withstand a motion to dismiss under 12(b)(6). *Bell Atlantic Corp.*, 127 S. Ct. at 1965 (while well-pled factual allegations of a complaint must be accepted as true for purposes of a motion to dismiss, neither conclusory allegations nor legal conclusions disguised as factual allegations need be accepted as such). The Court also agrees with Defendant that further discovery is not required in order to determine whether DPS is immune from suit under § 1983.

It is clear to the Court that DPS is an "arm of the state" and is therefore not a "person" under § 1983, based on case law precedent and relevant New Mexico statutes. *See Will v. Mich. Dep't of State Police,* 491 U.S. at 65 (Michigan Department of State Police not a "person" within the meaning of § 1983); NMSA 1978 § 9-19-4 (New Mexico State Police created as a division of a "cabinet department" in the executive branch of state government); NMSA 1978, § 41-4-3(B, C & H).[2] *See also Clark v. Maryland Dept. of Public Safety and Correctional Services*, 316 Fed.Appx. 279, 282, 2009 WL 646247, 2 (4th Cir. 209) (finding that the Maryland Dep't of

---

[2] Section 41-4-3(B) defines "governmental entity" as the "state or any local public body as defined in Subsections C and H. . . .; subsection C defines "local public body" as "all political subdivisions of the state and their agencies, instrumentalities and institutions. . .; and subsection H defines "state" or "state agency" as "the state of New Mexico or any of its branches, agencies, departments, boards, instrumentalities or institutions."

Public Safety and Correctional Services is arm of the state for purposes of § 1983);[3]

*Black-Hosang v. Ohio Dept. of Public Safety*, 96 Fed.Appx. 372, 2004 WL 950066 (6th Cir. 2004) (noting in dicta that the Ohio Department of Public Safety was immune from suit under § 1983).

### III.     Plaintiff's Request to Amend

As an alternative to the Court allowing further discovery (which has already been found to be unnecessary in resolving the issue at hand), Plaintiff requests leave to amend his complaint to add the NMSP Division as a defendant.

The grant or denial of leave to amend under Fed.R.Civ.P. 15(a) is a matter within the discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330 (1971); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although leave to amend is generally freely granted, it will not be permitted where the proposed amendment will be futile, or where the request is untimely and unduly prejudicial to the opposing part. *Castleglen, Inc., et al. v. R.T.C.*, 984 F.2d 1571 (10th Cir. 1993).

As an initial matter, the Court notes that Plaintiff's request to amend the complaint does not comply with D.N.M.LR-Civ. 15.1, which requires that a proposed amendment to a pleading must accompany the motion to amend. Even if this procedural infirmity were overlooked, the Court would still deny Plaintiff's request to amend. Having concluded that DPS is not a political

---

[3] In finding that the Maryland Department of Public Safety was an arm of the state, the Fourth Circuit did not embark on any analysis (". . . the Maryland Department of Public Safety and Correctional Services is undoubtedly an arm of the state for purposes of § 1983. . . .). Instead, the court referenced, without any discussion, *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280-81 (1977). *Mt. Healthy* held that a local school board was "more like a county or city than it is an arm of the State, where the school board was found to be "but one of many local school boards within the State of Ohio," received a significant amount of money from the state, and had the power to issue bonds.

subdivision, but a branch of State government, it stands to reason that DPS would not be exposed to liability under § 1983, either.

## Conclusion

I find and conclude that Plaintiff has not plausibly stated a claim for relief as to Defendant DPS on the basis that DPS is immune from suit under § 1983 as an "arm of the state." Further, Plaintiff's request to amend the complaint to include the New Mexico State Police Division is denied as futile.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Count IV of the Complaint, filed by Defendant State of New Mexico Department of Public Safety **(Doc. 6)** is hereby GRANTED for reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE