## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

CHARLES DALE CONNER,

       Plaintiff,

       vs.                         No. 10-CV-512 WJ/WDS

ALEX RODRIGUEZ and
STATE OF NEW MEXICO DEP'T OF
PUBLIC SAFETY,

       Defendants.

### MEMORANDUM OPINION AND ORDER GRANTING
### DEFENDANTS' MOTION TO DISMISS COUNTS II, III AND V

THIS MATTER comes before the Court on Defendants' Motion to Dismiss Counts II, III and V of Complaint (Doc. 83). In this civil action, brought under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act, Plaintiff alleges that Defendants violated his Fourth Amendment rights under the United States Constitution to be free from unreasonable searches and seizures and that they engaged in tortious conduct. Plaintiff also claims that the State of New Mexico Department of Public Safety ("DPS") failed to properly train and supervise law enforcement officers at the New Mexico State Police Department.

### BACKGROUND

The complaint in this case, filed May 27, 2010, contains five counts:

- Count I: Use of unreasonable and excessive force, in violation of the Fourth Amendment, brought pursuant to 42 U.S.C. § 1983, against Defendant Rodriguez;

- Count II: Assault and battery under the New Mexico Tort Claims Act ("Tort Claims Act") against Defendant Rodriguez;

- Count III: Municipal liability asserted against Defendant DPS for violations of the Tort Claims Act;

- Count IV: Municipal liability asserted against Defendant DPS under § 1983; and

- Count V: Liability of DPS based on respondeat superior.

The Court has granted Defendant DPS' motion to dismiss Count IV of the Complaint based on immunity from suit under the Eleventh Amendment (Doc. 20). In that Memorandum Opinion and Order, the Court found that Congress did not abrogate the states' Eleventh Amendment immunity in enacting 42 U.S.C. § 1983. The Court held that Defendant DPS was an arm of the state, and that DPS was protected by the state's immunity to suit under § 1983. Subsequent to dismissing Count IV, the Court sua sponte entered an order to show cause why Counts II, III and V of the Complaint should not be dismissed for the same reason Count IV was dismissed (Doc. 76). The Court noted that the same jurisdictional issues which formed the basis for the Court's dismissal of Count IV against Defendant DPS also arise in connection with Counts II, III and V of the Complaint.

The Court noted that Counts II, III, and V assert claims against DPS, which is an arm of the state, and Defendant Rodriguez, who is a state official. The Tort Claims Act contains a provision which effectively states that New Mexico has not waived its immunity from suit in federal court. N.M. Stat. Ann. § 41-4-4(F).[1] Under this provision, the State has consented to be sued in its own courts without waiving its immunity in the federal courts. *See Wojciechowski v. Harriman*, 607 F. Supp. 631, 634 (D.N.M. 1985) (holding that § 41-4-4(F) bars tort claims suits

_____

[1] Section 41-4-4(F) states: "Nothing in Subsections B, C and D of this section shall be construed as a waiver of the immunity from liability granted by Subsection A of this section or as a waiver of the state's immunity from suit in federal court under the eleventh amendment to the United States constitution."

against state in federal court, but that the Eleventh Amendment bar does not preclude state law tort claims against counties and municipalities in federal court under diversity or pendent jurisdiction); *see also Archuleta v. Lacuesta*, 131 F.3d 1359, 1361 (10th Cir. 1997) (holding that the Eleventh Amendment precludes jurisdiction over claims against state defendants).

Defendants filed a response in support of the order to show cause and agreed that Counts II, III, and V should be dismissed. Plaintiff filed a response in opposition, noting that the Eleventh Amendment bar is not strictly jurisdictional, and can be waived by a defendant who wishes to litigate such claims in federal court, rather than state court. The next day, Defendants filed the instant motion to dismiss Counts II, III, and V, incorporating their arguments in response to the Court's order to show cause and indicating that they do not wish to litigate these claims in federal court. Plaintiff, in response to Defendants' motion to dismiss, concedes that the Court's ruling on Count IV would apply equally to Counts III and V, but contends that Count II should not be dismissed because it is asserted against Defendant Rodriguez in his individual capacity, and the Eleventh Amendment does not apply to state officials sued in their individual capacities. Defendants, in reply, argue that there is no distinction between official and individual capacities of state officials in the context of the NMTCA, and thus all claims against Defendant Rodriguez arising under the NMTCA must be dismissed from this suit. The Court agrees with Defendants and will grant the motion in full.

## DISCUSSION

For the reasons stated in the Court's Memorandum Opinion and Order Granting Motion by Defendant State of New Mexico Department of Public Safety to Dismiss Count IV of Complaint (Doc. 20), and the Court's Order to Show Cause Why Counts II, III and V of Complaint Should Not Be Dismissed (Doc. 76), the Court will grant Defendant's motion to

3

dismiss as it pertains to Counts III and V of the Complaint, which assert claims against an arm of the state that cannot be litigated in federal court without a waiver of immunity. The NMTCA does not waive immunity for the State of New Mexico in federal court. The Court lacks subject matter jurisdiction over these claims.

Count II must also be dismissed because, notwithstanding the fact that Defendant Rodriguez is named personally, the lawsuit ultimately seeks to recover money from the state. *See* N.M. Stat. Ann. § 41-4-4 (indemnifying in full any public employee when liability is sought for a "tort alleged to have been committed by the public employee while acting within the scope of his duty"). The complaint makes it clear that the allegations against Defendant Rodriguez pertain to actions performed within the scope of his duty. Compl. ¶ 8 ("Defendant Rodriguez was, at all relevant times, a duly appointed and acting law enforcement officer employed by the New Mexico State Police . . ., acting within the scope of his employment and duties as a law enforcement officer . . . ."). As previously explained by this court, "[t]he eleventh amendment bars a suit for damages in federal court when the action is in essence one for recovery of money from the state and the state is the real, substantial party in interest, notwithstanding that individual officials are nominal defendants." *Wojciechowski v. Harriman*, 607 F. Supp. 631, 634 (D.N.M. 1985) (citing *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945)). The "narrow exception" that "occurs when a state official is sued for non-monetary injunctive relief from constitutional violations in his individual capacity," *id.*, does not apply to this case as Plaintiff is not seeking injunctive relief. *Cf.* Compl. ¶ 81 (seeking compensatory damages, exemplary damages, and attorney's fees). Because the State would be obligated to pay any money judgment entered against Defendant Rodriguez, the State is the real party in interest and may not be sued without a waiver of sovereign immunity. As explained in the Court's

Memorandum Opinion and Order (Doc. 20), New Mexico has not waived immunity to suit in federal court.

**THEREFORE, IT IS ORDERED** that  Defendants' Motion to Dismiss Counts II, III and V of Complaint (Doc. 83) is GRANTED. Counts II, III, and V of the complaint are hereby DISMISSED without prejudice.

_____
UNITED STATES DISTRICT JUDGE